In re Anthony GRECO aka Tony Greco, Debtor.

Bankruptcy No. 0975-1-79-00484.

United States Bankruptcy Court, D. Hawaii.

Nov. 26, 1984.

John Chanin, Honolulu, Hawaii, for Stubenberg.

Erik Zen, Honolulu, Hawaii, for debtor.

## MEMORANDUM DECISION RE: DISQUALIFICATION OF HODDICK, REINWALD, O'CONNOR & MARRACK

JON J. CHINEN, Bankruptcy Judge.

The issue before this Court is whether the firm of Hoddick, Reinwald, O'Connor & Marrack, hereafter "Hoddick firm", should be disqualified from representing Anthony Greco, hereafter "Greco", in the subject proceeding because of an alleged conflict of interest. A hearing was held on September 24, 1984 at which time John Chanin, Esq., represented James Stubenberg, who has alleged the conflict of interest, and Erik R. Zen, Esq., represented the Hoddick firm.

Based upon the records in the file, the correspondence between the law firm of John Chanin and the Hoddick firm and arguments of counsel, the Court makes the following Findings of Fact and Conclusions of Law.

## FINDINGS OF FACT

The Hoddick firm has been representing Anthony Greco since April 19, 1983 in the subject cause. On behalf of Greco, the Hoddick firm has filed claims for fees against Stubenberg and others.

On or about October 13, 1982, certain individuals filed an action against Mr. Stubenberg in the State Circuit Court (Civil No. 73795), alleging malpractice claims relating to the subject bankruptcy proceedings. As a result, Mr. Stubenberg referred said action to his professional liability insurance carrier, Illinois Union Insurance Company, whose Hawaii counsel is the Hoddick firm.

Pursuant to Section I(b) of the insurance policy, which section requires the cooperation of the insured with the insurer, Mr. Stubenberg cooperated with the Hoddick firm. In addition, Mr. Stubenberg's counsel, John Chanin, Esq. also cooperated with the Hoddick firm. In his letter to Mr. Wesley Ching, Esq. of the Hoddick firm dated February 22, 1984, Mr. Chanin at Mr. Ching's request gave an updated status report concerning the bankruptcy proceedings, including his strategy for resolution of the problems in that cause.

## CONCLUSIONS OF LAW

It is fundamental that an individual cannot properly represent two masters with conflicting claims.

This Court has consistently ruled that whenever there is a conflict or possible future conflict of interest an attorney should refrain from representing opposing parties. *In Re Bergdog Productions of Hawaii, Inc.*, 7 B.R. 890 (D.Hawaii, 1980); *In Re 765 Associates*, 14 B.R. 449 (D.Hawaii 1981).

In *In Re 765 Associates*, this Court stated:

3. An attorney should not place himself in a position where he may be required to choose between conflicting duties. (Citations omitted.)

This Court then cited *Gillette v. Newhouse Realty Co.*, 75 Utah 13, 282 P. 776 (Utah 1929), where the court stated:

> The rule that an attorney may not by his contract of employment place himself in a position where his own interests or the interest of another, whom he represents, conflict with the interests of his client, is founded upon principles of public policy. It is designed to serve various purposes, among them, to prevent the dishonest practitioner from fraudulent conduct, to preclude the honest practitioner from putting himself in a position where he may be required to choose between conflicting duties or between his own interests and those of his client, to remove from the attorney any temptation which may tend to cause him to deviate from his duty of enforcing to the full extent the right of this client, to further the orderly administration of justice, and to foster respect for the profession and the courts.

282 P. at 779.

In the instant case, the Hoddick firm represents Greco and Stubenberg by virtue of the Hoddick firm being local counsel for the insurance company defending Stubenberg in malpractice suits. Greco and Stubenberg have conflicting interests. Thus, the Hoddick firm has been in a position of conflict since February 1984, when it requested from Mr. Stubenberg and his counsel an updated status report of the bankruptcy proceeding as it related to the malpractice action. The Hoddick firm should no longer represent Anthony Greco and all services rendered subsequent to February 1984 by the Hoddick firm will not be charged against Stubenberg.

Judgment will be signed upon presentment.