### In re BERGDOG PRODUCTIONS OF HAWAII, INC., dba Nimble's, Debtor.

#### Bankruptcy No. 80–00681.

United States Bankruptcy Court, D. Hawaii.

Dec. 31, 1980.

Don J. Gelber of Gelber & Wagner, Honolulu, for debtor.

## ORDER DENYING APPLICATION FOR AUTHORITY TO RETAIN GENERAL COUNSEL

JON J. CHINEN, Bankruptcy Judge.

In view of the attorney compensation arrangements disclosed in Debtor's Application for Order Authorizing Retention of General Counsel, Debtor's application lodged December 24, 1980, to retain the firm of Gelber & Wagner, Attorneys at Law, A Law Corporation effective as of October 31, 1980, must be denied at this time.

Terenure, Inc., a stockholder of the Debtor, has already paid Gelber & Wagner $2,000.00 for services rendered to the Debtor. Payment of the fees of Gelber & Wagner has been guaranteed by Terenure, Inc. and Richard K. G. Stursberg, both stockholders of the Debtor. The arrangement is that Terenure and Stursberg will be reimbursed from any compensation that this Court may award to Gelber & Wagner from the assets of the Estate for services rendered.

The Court will not approve the appointment under these conditions. By taking payment from stockholders of the Debtor and by obtaining a guarantee of further payments from these individuals for services rendered to the Debtor, the Attorney for the Debtor will be in a conflict of interest situation. The Court addressed a similar factual situation recently in *In re Holiday Mart Inc.*, Bk. No. 77–00565 (filed Oct. 10, 1980). There the Court denied compensation to an attorney for the Debtor corporation when it was learned that the attorney had accepted fees from the President of the corporation for services on behalf of the Debtor.

The decision provided in part:

3. An attorney should not place himself in a position where he may be required to choose between conflicting duties. *Woods v. City National Bank*, 312 U.S. 262, 61 S.Ct. 493, 85 L.Ed. 820 (1940); *In re Westmoreland*, 270 F.Supp. 408 (D.Ga.1967); *In re Buder*, 358 Mo. 763, 217 S.W.2d 563 (Mo.1949); *Gillette v. Newhouse Realty Co.*, 75 Utah 13, 282 P. 776 (Utah 1929).

4. In *Newhouse Realty Co.*, the court stated:

The rule that an attorney may not by his contract of employment place himself in a position where his own interests or the interest of another, who he represents, conflict with the interests of his client, is founded upon principles of public policy. It is designed to serve various purposes, among them, to prevent the dishonest practitioner from fraudulent conduct, to preclude the honest practitioner from putting himself in a position where he may be required to choose between conflicting duties or between his own interests and those of his client, to remove from the attorney any temptation which may tend to cause him to deviate from his duty of enforcing to the full extent the right of his client, to further the orderly administration of justice, and to fos-

ter respect for the profession and the courts.

5. In the present case, the applicant, who is the attorney for the Debtor corporation, entered into an arrangement whereby compensation is being paid by Edwin Yee, the principal shareholder and chief executive of the Debtor corporation. This arrangement places the applicant in the situation of an honest practitioner who may be required to choose between the interests of his client, the Debtor corporation and the interest of Edwin Yee.

6. The Court agrees with the applicant's contention that the interests of a debtor corporation overlap to some degree with the individual interests of its chief operating officers and its shareholders. The corollary is that the corporate and individual interests sometimes also conflict. It is this potential conflict that Canon 5 addresses with its mandate restricting the attorney's duty of loyalty to the corporate debtor alone. In this respect, the applicant's efforts to ensure that his activities were always on behalf of the corporate debtor were well founded.

7. But the Court concludes that, notwithstanding his best efforts, by accepting compensation from Edwin Yee the applicant changed an otherwise delicate situation into a situation in which an actual conflict of interest existed. Taking compensation from an individual officer poses a substantially greater temptation for the debtor's attorney to deviate from his duty of undivided loyalty to his client, the corporate debtor.

IT IS HEREBY ORDERED that the Application, lodged December 24, 1980, is Denied.