In re 765 ASSOCIATES, Debtor.

Bankruptcy No. 80–00064.

United States Bankruptcy Court,
D. Hawaii.

Oct. 5, 1981.

Paul Dunn Lynch, Honolulu, Hawaii, former atty., for debtor.

John A. Chanin, Honolulu, Hawaii, for debtor.

JON J. CHINEN, Bankruptcy Judge.

On January 14, 1981, Paul Dunn Lynch, hereafter "Applicant", filed an Application for Final Allowance of Compensation and Costs. The Applicant purported to represent the debtor-in-possession; however, he had not obtained an order of this court appointing him as attorney for Debtor.

A hearing was held on May 1, 1981, at which time the Applicant represented himself and John A. Chanin represented 765 Associates dba Pirates Cove Restaurant, hereafter "Debtor", which objected to the fee application.

Based upon the records and memoranda filed herein and arguments of counsel, the Court makes the following Findings of Fact and Conclusions of Law:

## FINDINGS OF FACT

1. 765 Associates dba "Pirates Cove Restaurant" and dba "Funatei Restaurant", hereafter Debtor, filed herein a Voluntary Petition Under Chapter 11 on February 1, 1980 and an Amended Voluntary Petition Under Chapter 11 on February 4, 1980. Since that time, the Debtor has continued to operate its business and has managed its property as a debtor-in-possession.

**450**

2. Applicant was originally retained by the Debtor on or about October 1, 1979 to represent it both prior to and during the pendency of these proceedings and Applicant continued to do so up to and including November 17, 1980, at which time the Law Offices of John A. Chanin replaced Applicant as the attorney for the Debtor through an order of this Court filed herein on December 29, 1980. At no time has Applicant obtained an order of this court appointing him as attorney for Debtor.

3. On January 14, 1981, Applicant filed herein an Application for Final Allowance of Compensation and Costs, which covers the period from on or about October 1, 1979 up to and including November 17, 1980. On January 14, 1981, a Notice of Application for Final Allowance of Compensation and Costs was likewise filed herein by the clerk of the above-entitled court which stated that "unless a party in interest files with the Court on or about February 2, 1981, a request for a hearing on said Application, the Application may be granted."

4. On January 20, 1981, the Debtor filed a Request for Hearing on Application for Final Allowance of Compensation and Costs, pursuant to which a hearing on Applicant's Application was scheduled for May 1, 1981.

5. On April 24, 1981, Debtor filed its Objections to and Comments on Application for Final Allowance of Compensation and Costs of Debtor's Former Attorney. In its objections and comments, Debtor objected to the application for compensation for several reasons: (1) that contrary to 11 U.S.C. Sections 327(a), and 328(a), the employment of Applicant by the Debtor was never authorized by the Court, (2) contrary to 11 U.S.C. Section 330(a), Applicant had been paid out of the Debtor's estate without the approval of the Court, (3) that Applicant failed to disclose the source of his pre-petition and post-petition payments, (4) that a conflict of interest may exist since Applicant was the personal attorney for Patrick M. Haskins, one of the general partners and a creditor of Debtor; and (5) that certain services rendered by Applicant in connec-

tion with the exchange of the restaurants for an Alaskan gold mine was of no value to Debtor's estate.

6. Subsequent to the filing of Debtor's objections on April 30, 1981, Applicant filed his reply to Debtor's objections. In said reply, Applicant for the first time revealed the following: (1) that he has received payment out of Debtor's estate without prior approval of the Court as follows:

| Date of Payment | Amount of Payment |
| --- | --- |
| 12/19/79 | $ 1,000.00 |
| 01/25/80 | 1,500.00 |
| 02/07/80 | 700.00 |
| 03/17/80 | 750.00 |
| 11/17/80 | 52.00 |
| | $ 4,002.00 |

(2) that the $52.00 payment received on November 17, 1980 was from Hawaiian Improvement Corporation, a corporation controlled by H.E.B. Shasteen, who is a general partner of Debtor, and who also appears to be the owner of Shasteen Inc. which is a creditor of Debtor, (3) that he then still represented in the United States District Court, Patrick M. Haskins, one of the general partners of Debtor and also a creditor of Debtor.

7. In further response to Debtor's objection, Applicant stated:

In preparing the schedules listing the partners' claims as creditors and their interest as partners I relied upon documents provided me by the partners and their employees. I did not undertake to advise any of the partners in their role as creditors, except to advise them as to the distinction between 'claims' and 'interest' and as to the priorities that they would take in any reorganization plan or liquidation of assets as to these 'claims' and 'interest'.

## CONCLUSIONS OF LAW

1. An attorney has a duty to exercise independent professional judgment free from compromising influences and loyalties. The interests of any other person should not affect an attorney's basic judgment and responsibility to his client. *Rules of Hawaii*

*Supreme Court*, Exhibit A, Code of Professional Responsibility, Canon 5.

2. In *Woods v. City National Bank*, 312 U.S. 262, 61 S.Ct. 493, 85 L.Ed. 820 (1940), the Supreme Court held that claims for compensation in a bankruptcy case can be properly disallowed when the claimant was serving dual or conflicting interests:

> Where a claimant . . . was serving more than one master or was subject to conflicting interests, he should be denied compensation. It is no answer to say that fraud or unfairness were not shown to have resulted. The principle enunciated by Chief Justice Taft in a case involving a contract to split fees in violation of the bankruptcy rules is apposite here: "what is struck at in the refusal to enforce contracts of this kind is not only actual evil results but their tendency to evil in other cases." 312 U.S. at 268 (citations omitted).

3. An attorney should not place himself in a position where he may be required to choose between conflicting duties. *Woods v. City National Bank*, 312 U.S. 262, 61 S.Ct. 493, 85 L.Ed. 820 (1940); *In re Westmoreland*, 270 F.Supp. 408 (D.Ga.1967); *In re Buder*, 358 Mo. 796, 217 S.W.2d 563 (Mo.1949); *Gillette v. Newhouse Realty Co.*, 75 Utah 13, 282 P. 776 (Utah 1929).

4. In *Newhouse Realty Co.*, the court stated:

> The rule that an attorney may not by his contract of employment place himself in a position where his own interests or the interest of another, whom he represents, conflict with the interests of his client, is founded upon principles of public policy. It is designed to serve various purposes, among them, to prevent the dishonest practitioner from fraudulent conduct, to preclude the honest practitioner from putting himself in a position where he may be required to choose between conflicting duties or between his own interests and those of his client, to remove from the attorney any temptation which may tend to cause him to deviate from his duty of enforcing to the full extent the right of this client, to further

the orderly administration of justice, and to foster respect for the profession and the courts. 282 P. at 779.

5. In the present case, the Applicant while purporting to serve as attorney for Debtor, received compensation for services rendered to Debtor from Hawaiian Improvement Corporation a corporation controlled by Mr. Shasteen, a general partner of Debtor and an apparent owner of Shasteen, Inc., a creditor of Debtor.

6. The Court finds that when Applicant agreed to receive and did receive compensation from a corporation controlled by an individual who was both a general partner of Debtor and owner of a corporation which was a creditor of Debtor, such a situation posed a great temptation for the Debtor's attorney to deviate from his duty of undivided loyalty to his client, the Debtor.

7. The Court further finds that when Applicant rendered advice to the general partners of Debtor as creditors concerning their "claims" and "interest", while purporting to serve as attorney for Debtor, he placed himself in a situation that leads to divided loyalty.

8. While the interest of a general partnership and the interest of its general partners often overlap, the interest of the partnership may also conflict with the interest of its general partners. Thus, an attorney representing a general partnership should not render advice to the general partners nor receive compensation from a corporation controlled by a general partner.

9. An attorney representing a debtor should not receive compensation from any of the creditors, directly or indirectly. In the instant case, Applicant receive compensation from Hawaiian Improvement Corp., controlled by H.S.B. Shasteen, who also controls Shasteen, Inc., a creditor of Debtor. This placed Applicant in a vulnerable situation.

10. Section 328(c) provides:

(c) Except as provided in section 327(c), 327(e), or 1107(b) . . ., the court may deny

allowance of compensation for services and reimbursement of expenses of a professional person employed under section 327 or 1103 ... if, at any time during such professional person's employment under 327 or 1103 ..., *such professional person is not a disinterested person, or represents or holds an interest adverse to the interest of the estate* with respect to the matter on which such professional person is employed. (Emphasis added).

This subsection authorizes a court to deny compensation for services rendered and reimbursement of expenses in situations where there are conflicts of interest. Because of Applicant's conduct as set forth above which resulted in a conflict of interest, the application for compensation is denied.

11. These conclusions of law, insofar as they are Findings of Fact, are incorporated by reference in the Findings of Fact hereinabove stated.

Based on the foregoing Findings of Fact and Conclusions of Law,

IT IS HEREBY ORDERED, ADJUDGED AND DECREED as follows:

1. The receipt of fees by Applicant from Hawaiian Improvement Corp., owned by Mr. Shasteen, a general partner of Debtor, was improper. It presented a conflict of interest.

2. Likewise, it was improper for Applicant, while purporting to serve as attorney for Debtor to render advice to the general partners of Debtor as creditors in relation to their claims and interests and their priorities in a plan of reorganization or liquidation. It also presented a conflict of interest.

3. Therefore, Applicant's application for compensation is denied. Furthermore, all fees previously paid to the Applicant are ordered to be returned to the estate.

4. Having ruled that Applicant is not entitled to fees because of conflict of interest, the Court does not reach the other issues raised by Debtor's objections to Applicant's fee application.