**In re 419 COMPANY, a partnership of C. David Dimmer and Albert J. Sprenger, Debtor.**

**Bankruptcy No. 91–31222.**

United States Bankruptcy Court,
N.D. Ohio, W.D.

Sept. 5, 1991.

Joseph P. Jordan, Toledo, Ohio, for debtor.

Lenore Kleinman, Ofc. of U.S. Trustee, Cleveland, Ohio.

## OPINION AND ORDER DENYING APPLICATION FOR AUTHORITY TO RETAIN ATTORNEY

WALTER J. KRASNIEWSKI,
Bankruptcy Judge.

This matter is before the court upon Debtor's application for authority to retain attorney to which the United States trustee has filed comments. Upon consideration thereof, the court finds that said application may not be granted.

### FACTS

On March 28, 1991, Debtor filed its voluntary petition under chapter 11 of title 11. Thereafter, on May 20, 1991, Debtor filed an application for authority to retain Joseph P. Jordan, as its attorney. As a result of certain deficiencies within that application, Debtor filed a second application for authority to retain attorney on June 7, 1991. Within that application, Debtor disclosed that Mr. Jordan had been representing it for the past year in negotiations with creditors and has represented it in the litigation which has been filed against them. On June 25, 1991, the United States trustee filed comments to Debtor's application stating that Mr. Jordan may hold an interest adverse to Debtor's estate as a result of a possible preference due to Debtor's payment to Mr. Jordan for services rendered pre-petition. The parties have submitted briefs in support of their positions.

## DISCUSSION

 Section 327 of title 11 permits a Debtor to employ an attorney that does "not hold or represent an interest adverse to the estate" and that is "disinterested." 11 U.S.C. § 327(a). *See also In re Kuykendahl Place Associates Ltd.,* 112 B.R. 847, 850 (Bkrtcy.S.D.Tex.1989). This section covers both "actual and potential conflicts of interest" in order to avoid "even the appearance of conflict." *In re Glenn Elec. Sales Corp.,* 99 B.R. 596 (D.N.J.1988) (citations omitted). While "adverse interest" is not defined by the court, it has been held to mean:

(1) to possess or assert any economic interest that would tend to lessen the value of the bankrupt estate or that would create either an actual or potential dispute in which the estate is a rival claimant; or

(2) to possess a predisposition under circumstances that render such a bias against the estate.

*In re Lee,* 94 B.R. 172, 177, 18 B.C.D. 874, 20 C.B.C.2d 510 (Bkrtcy.C.D.Cal.1988) (citations omitted). Applicant has the burden "to come forward with facts pertinent to eligibility and to make full, candid and complete disclosure." *In re Peoples Sav. Corp.,* 114 B.R. 151, 154, 23 C.B.C.2d 109 (Bkrtcy.N.D.Ill.1990) (citations omitted). Even the appearance of a conflict should be avoided. *Matter of Roger J. Au & Son, Inc.,* 101 B.R. 502 (Bkrtcy.N.D.Ohio 1989).

 In determining if a conflict of interest exists, the court

must balance the right to freely choose counsel, the need to maintain ethical standards, the interests of justice, evidence of actual impropriety, and its own ability to continuously control its officers and use the remedy of disqualification if called for.

*Stamford Color Photo, Inc.,* 98 B.R. 135, 137, 19 B.C.D. 77 (Bkrtcy.D.Conn.1989) (citations omitted). *See also Quakertown Glass Co., Inc.,* 73 B.R. 468, 469 (Bkrtcy. E.D.Pa.1987).

 Debtor's petition reflects payments to Mr. Jordan in the past year of $1,000.00 on May 4, 1990, $19,016.02 on January 11, 1991, $5,098.21 on February 5, 1991 and $14,000.00 on February 21, 1991, totaling $39,114.23. *See* Statement of Financial Affairs for Debtor Engaged in Business and Compensation Statement of Attorney for the Debtor. These amounts received by Mr. Jordan pose a possible conflict as it creates a potential dispute in which the estate may be a rival. *See Lee, supra* p. 869. That is, these payments may represent a possible preference, avoidable by the Debtor pursuant to 11 U.S.C. § 547(b).

[A]ny large or unusual payments by a Debtor to its counsel within the preference period are relevant to a conflicts analysis and therefore warrant scrutiny by the bankruptcy court when approval is sought to employ pre-petition counsel post-petition.

*Diamond Lumber v. Unsecured Creditors' Committee,* 88 B.R. 773, 779 (N.D.Tex.1988). *See also In re Michigan General Corp.,* 77 B.R. 97, 102, 16 B.C.D. 479 (Bkrtcy.N.D.Tex.1987) (it is possible that payments made up to a year prior to the bankruptcy filings to the firm, as a result of its insider status, will be subject to avoidance and required to be returned to the estates). Without determining the merits of such an action, the court finds that the facts present a possible conflict, prohibiting this court from finding that Mr. Jordan is "disinterested" and that he "does not hold an interest adverse to the estate."

Although Mr. Jordan is not disqualified from representing Debtor solely as a result of his pre-petition employment, 11 U.S.C. § 1107(b), here, Mr. Jordan's pre-petition relationship resulted in the creation of a possible preference action.

If ... the law firm is owed by a petitioning client, on the date of filing, a pre-petition debt for legal fees for services not rendered in contemplation of or in connection with the bankruptcy case, then the law firm would be a creditor of the Debtor to the extent of those fees and costs and, therefore, would run afoul of the "no adverse interest" and "disinterestedness" requirements of Section 327(a). In such a circumstance, the conflict of interest would not be eliminated

if the law firm obtained from the client a pre-petition payment of these fees and costs because such a payment would likely constitute a preference that may be avoided for the benefit of other creditors, thus involving the law firm in a conflict of interest as the holder of an interest adverse to the estate in violation of Section 327(a).

*In re Roberts,* 46 B.R. 815, 849 (Bkrtcy. D.Utah 1985). *See also* 5 *Collier on Bankruptcy* ¶1107.03 at 1107–12 (15th ed. 1991) (it is possible that the attorney was paid shortly before filing so that the attorney is not a creditor at the time of the commencement of the case; however, the payment may have been in circumstances that raise the issue of a voidable preference subject to § 547(b)).

Mr. Jordan, in order to qualify as a disinterested person " 'should be divested of any scintilla of personal interest which might be reflected in his decision concerning estate matters.' " *Glenn Elec. Sales,* 99 B.R. at 601 (citation omitted). *See In re Carrousel Motels, Inc.,* 97 B.R. 898 (Bkrtcy.S.D.Ohio 1989) (attorney has either an actual conflict of interest or at least the appearance of a conflict of interest so that it should not have undertaken the representation of Debtor, and this should have been apparent to the attorney from the outset; objection to application for fees sustained).

Debtor must analyze the circumstances surrounding its payments to Mr. Jordan and determine whether a cause of action under § 547 exists. However, because Mr. Jordan is the recipient of these payments, an unbiased analysis by Mr. Jordan, if employed as attorney for Debtor, would not be objective. The court finds that it may not approve Debtor's application to employ Mr. Jordan.

This court realizes that disqualifying a party's chosen attorney is a serious matter. However, denial of Debtor's application is necessary in order to preserve the integrity of the bankruptcy system, avoiding any appearance of impropriety. In light of the foregoing, it is therefore

ORDERED that Debtor's application for authority to retain Joseph P. Jordan as attorney be, and it hereby is, denied.