## In re PHILADELPHIA ATHLETIC CLUB, INC., Debtor.

### Bankruptcy No. 80–02028G.

United States Bankruptcy Court,
E.D. Pennsylvania.

April 13, 1984.

Melvin Lashner, Philadelphia, Pa., Former counsel for Samuel M. Brodsky, the trustee.

Pace Reich, Philadelphia, Pa., for debtor, Philadelphia Athletic Club, Inc.

Samuel M. Brodsky, Philadelphia, Pa., trustee.

## OPINION

EMIL F. GOLDHABER, Bankruptcy Judge:

The question in the matter at bench is whether we should grant the request of former counsel to the trustee for fees and expenses in light of the applicant's removal from the case because of conflict of interest. For the reasons stated herein we will deny the allowance of fees but grant the request for expenses.

The facts of this case are as follows:[1] The Philadelphia Athletic Club, Inc. ("the debtor") filed a petition for reorganization under chapter 11 of the Bankruptcy Code ("the Code") on August 18, 1980, and shortly thereafter a trustee was appointed. The trustee then sought the appointment of Melvin Lashner, Esq. ("Lashner") as his counsel. The application was opposed by the debtor on the ground that Lashner's appointment would create a conflict of interest. Concluding that the objection was without merit, we granted the application. On appeal, however, the district court reversed us, finding that a conflict existed.[2] From the time of his appointment (on October 27, 1981) until the reversal by the district court (on May 23, 1982), Lashner served as counsel to the trustee and he has applied for the allowance of compensation and reimbursement of costs. The debtor, once again, objects.

---

1. This opinion constitutes the findings of fact and conclusions of law required by Bankruptcy Rule 7052 (effective August 1, 1983).

2. The district court's opinion may be found in 20 B.R. 328 (E.D.Pa.1982).

■ We commence our discussion with *Woods v. City National Bank and Trust Co. of Chicago*, 312 U.S. 262, 61 S.Ct. 493, 85 L.Ed. 820 (1941), in which an indenture trustee, a bondholders' committee and the committee's counsel sought compensation in a chapter X proceeding under the former bankruptcy statute, the Bankruptcy Act of 1898 ("the Act"). The United States Supreme Court reversed the Court of Appeals for the Seventh Circuit and affirmed the district court's denial of compensation on the basis of a conflict of interest. The essence of the *Woods* opinion holds that:

Under Ch. X of the Chandler Act the bankruptcy court has plenary power to review all fees and expenses in connection with the reorganization from whatever source they may be payable. Reasonable compensation for services rendered may be allowed. The claimant, however, has the burden of proving their worth. Furthermore, "reasonable compensation for services rendered" necessarily implies loyal and disinterested service in the interest of those for whom the claimant purported to act. *American United Mutual Life Ins. Co. v. City of Avon Park*, 311 U.S. 138 [61 S.Ct. 157, 85 L.Ed. 91]. Where a claimant, who represented members of the investing public, was serving more than one master or was subject to conflicting interests, he should be denied compensation. It is no answer to say that fraud or unfairness were not shown to have resulted. *Cf. Jackson v. Smith*, 254 U.S. 586, 589 [41 S.Ct. 200, 201, 65 L.Ed. 418]. The principle enunciated by Chief Justice Taft in a case involving a contract to split fees in violation of the bankruptcy rules, is apposite here: "What is struck at in the refusal to enforce contracts of this kind is not only actual evil results but their tendency to evil in other cases." *Weil v. Neary*, 278 U.S. 160, 173 [49 S.Ct. 144, 149, 73 L.Ed. 243]. Furthermore, the incidence of a particular conflict of interest can seldom be measured with any degree of certainty. The bankruptcy court need not speculate as to whether the result of the conflict was to delay action where speed was essential, to close the record of past transactions where publicity and investigation were needed, to compromise claims by inattention where vigilant assertion was necessary, or otherwise to dilute the undivided loyalty owed to those whom the claimant purported to represent. Where an actual conflict of interest exists, no more need be shown in this type of case to support a denial of compensation.

\* \* \* \* \* \*

A fiduciary who represents security holders in a reorganization may not perfect his claim to compensation by insisting that, although he had conflicting interests, he served his several masters equally well or that his primary loyalty was not weakened by the pull of his secondary one. Only strict adherence to these equitable principles can keep the standard of conduct for fiduciaries "at a level higher than that trodden by the crowd." See Mr. Justice Cardozo in *Meinhard v. Salmon*, 249 N.Y. 458, 464, 164 N.E. 545.

312 U.S. at 267–69, 61 S.Ct. at 496–97 (Footnotes and some cites omitted).

Although *Woods* clearly established that the bankruptcy court may deny fees *en toto* for a conflict of interest, whether the court should choose that route or allow partial fees are matters within this court's discretion and are not reviewable "except where a clear abuse of discretion is apparent." *Crites, Inc. v. Prudential Ins. Co.*, 322 U.S. 408, 418, 64 S.Ct. 1075, 1081, 88 L.Ed. 1356 (1944); *Iannotti v. Manufacturers Hanover Trust Co.*, 567 F.2d 166 (2d Cir.1977), cert. den. 434 U.S. 833, 98 S.Ct. 120, 54 L.Ed.2d 94. Although *Woods* was decided under the Act, the passage of the Code gave the bankruptcy court express authority to deny fees in cases of a conflict of interest as is clear with a review of 11 U.S.C. § 328(c):

(c) Except as provided in section 327(c), 327(e), or 1107(b) of this title, the court may deny allowance of compensation for services and reimbursement of

expenses of a professional person employed under section 327 or 1103 of this title if, at any time during such professional person's employment under section 327 or 1103 of this title, such professional person is not a disinterested person, or represents or holds an interest adverse to the interest of the estate with respect to the matter on which such professional person is employed.

The legislative history indicates that this subsection "provides a penalty for conflicts of interest." H.R.Rep. No. 95–595, 95th Cong., 1st Sess. 329 (1977), *reprinted in* 1978 U.S.Code Cong. & Admin.News 5787, 6285. The cases decided under the Code on this issue reaffirm the principle expressed in *Woods. In Re Chou-Chen Chemicals, Inc.*, 31 B.R. 842 (Bkrtcy.W.D.Ky.1983); *In re 765 Associates*, 14 B.R. 449 (Bkrtcy.D. Hawaii 1981).

*In re Paine*, 14 B.R. 272 (D.C.W.C.Mich. 1981) goes further than any of the other cases on this issue in holding that bankruptcy courts have the inherent power to actually penalize an attorney for violating the Canons of Professional Ethics, despite the absence of specific statutory authority.

(A)warding fees to attorneys whose representation was subject to conflicting interests would have the undesirable effect of undermining public confidence in the integrity of the judicial function, particularly regarding bankruptcy proceedings.

14 B.R. 272, 275.

■ It was established at common law by the Seventeenth Century that an attorney must not represent opposing interests. *Shire v. King*, Yelverton 32. Anonymous, 7 Modern 47. The usual consequence of violating this principle has been that the attorney is debarred from receiving any fee. *Silbiger v. Prudence Bonds Corporation*, 180 F.2d 917, 920 (2nd Cir.1950). It is a doctrine that has been applied with great severity. Thus the courts will not allow the attorney to demonstrate that the conflict of loyalties had no influence upon his conduct, nor that in fact his labors were successful. Put succinctly, "when an actual conflict of interest exists, no more need

be shown ... to support a denial of compensation." *Woods*, 312 U.S. at 268, 61 S.Ct. at 497.

 The only remaining issue is the treatment of Lashner's request for reimbursement of expenses amounting to $238.50. As indicated in *Woods*, the rule for fees may be applied by the bankruptcy judge to expenses but, generally, expenditures should be allowed which have clearly benefited the estate. 312 U.S. at 269–70, 61 S.Ct. at 497–98. Accordingly, having reviewed Lashner's application we will allow reimbursement for the claimed expenditures as being necessary to the estate.