In re **FLORIDA PEACH CORPORATION OF AMERICA, INTERNATIONAL DIVISION**, Debtor.

**Bankruptcy No. 86–1251–8P1.**

United States Bankruptcy Court, M.D. Florida, Tampa Division.

Jan. 30, 1990.

Jeffrey Warren, Tampa, Fla., for Elias Moron Arosemena.

Malka Isaak, Tampa, Fla., pro se.

## ORDER ON OBJECTION TO THE FEE APPLICATION OF MALKA ISAAK

ALEXANDER L. PASKAY, Chief Judge.

THIS is a confirmed Chapter 11 case and the matter under consideration is an Objection to the Fee Application of Malka Isaak. The Objection is interposed by Elias Moron Arosemena (Curador), a creditor of Florida Peach Corporation of America, International Division (FPCAID), and the proponent of the confirmed Plan. The Curador seeks a total denial of Ms. Isaak's Fee Application, alleging that she was not eligible for employment by the FPCAID to begin with because she was not a disinterested person as required by § 327 of the Bankruptcy Code, particularly because she represented an interest adverse to the estate. In seeking a total disallowance of fees, the Curador relies on § 328(c) of the Code. This Section authorizes the Court to deny compensation for services rendered and expenses incurred by a professional if he was not disinterested or if he held an interest adverse to the estate at any time during the employment.

In order to put the matter under consideration in proper focus, a brief summary of the historical facts of both this case and the International Food Corporation of America (IFC) case should be helpful. The facts recited below are without dispute, and are part of the records of these two cases. The Court takes judicial notice of these facts.

On May 4, 1982, IFC filed a voluntary Petition for Relief under Chapter 11 in this Court. On September 14, 1982, IFC filed a Complaint through the original counsel of record and sought authority to sell certain properties of IFC free and clear of liens and encumbrances. On May 11, 1983, counsel for IFC filed a Motion to Withdraw, which Motion was heard and granted on June 2, 1983. Ms. Isaak was authorized by this Court to be employed by IFC on June 26, 1984.

On April 17, 1985, Ms. Isaak filed a Motion on behalf of IFC to sell real property titled in the name of IFC to W.C. Demetree. This Court granted the Motion on May 3, 1985. Ms. Isaak claimed to have earned fees and incurred expenses in connection with this sale in the amount of $12,000. In connection with this transaction, Ms. Isaak entered into an agreement with the Curador and with Carlton and Mary York, who held the mortgage on the property involved. Pursuant to this agreement, the sale proceeds were to be used to pay off all existing liens, and Ms. Isaak was to receive a mortgage on other real property owned by IFC. The mortgage was to secure Ms. Isaak's attorney fees, the amount of which was disputed by the Curador at all times.

Prior to Ms. Isaak's appointment, there was already pending an adversary proceeding, No. 82–702, filed by IFC's original counsel on September 14, 1982, which involved a Complaint to sell property free and clear of liens and, in the alternative, a request for injunctive relief. In due course, the Curador filed a Motion to Intervene, which Motion was granted. There was also pending a second Adversary Proceeding, No. 83–830.

After the Complaint to sell properties free and clear of liens, Adversary Proceeding No. 82–702, was consolidated with Adversary Proceeding No. 83–830, and the parties were realigned, the Curador filed a cross-claim against IFC. This claim sought to have set aside as a fraudulent transfer the transfer of all real properties owned on record by IFC, and also sought a decree as to title of all land holdings of IFC and FPCAID. After IFC's original counsel withdrew, Ms. Isaak became counsel of record and represented IFC in the fraudulent transaction, Adversary Proceeding No. 82–702.

In due course, the issues raised in the consolidated case were tried. On December 19, 1985, this Court entered its Findings of Fact, Conclusions of Law, and Memorandum Opinion. On January 3, 1986, this Court entered Final Judgment on the fraudulent transfer claim in favor of the Curador and revested title to the properties involved to FPCAID. On January 27, 1986, Ms. Isaak filed a Notice of Appeal on the Final Judgment on behalf of IFC. She sought to set aside and obtain a reversal of this Court's Final Judgment, and to recapture the title to the properties involved for IFC. On August 20, 1987, this Court granted an Order which gave Ms. Isaak permission to withdraw, and relieved her of further responsibility of representing IFC.

On April 3, 1986, Ms. Isaak filed a voluntary Petition for Relief under Chapter 11 on behalf of FPCAID. That same day, FPCAID filed its Application and sought authority to employ Ms. Isaak to represent it as the Debtor-in-Possession. In connection with this Application, Ms. Isaak filed an Affidavit stating under penalty of perjury that she had no connection with FPCAID, its creditors, or any other party of interest. It should be noted that when Ms. Isaak filed her Affidavit, she was still counsel of record on appeal for IFC. On April 11, 1986, this Court granted the Application and Ms. Isaak was authorized to be counsel of record for FPCAID.

In May, 1986, the Curador filed a suit in the Circuit Court of Pinellas County, Case No. 86–6714–21, against Robert Lurie and his wife, Elizabeth Manning, and sought to recover the books and records of FPCAID from Ms. Manning. Ms. Isaak represented Ms. Manning and resisted the Curador's attempts to obtain the books and records of the very corporation Ms. Isaak was representing in the bankruptcy court in this Chapter 11 case.

On July 31, 1986, the District Court rendered its memorandum opinion affirming this Court's Final Judgment and dismissing the appeal filed by Ms. Isaak on behalf of IFC. On April 24, 1987, this Court entered an Order and granted Ms. Isaak's Motion to Withdraw, and she no longer functioned as attorney of record for FPCAID.

The Fee Application of Ms. Isaak seeks an allowance for services rendered to FPCAID in the amount of $34,882.25, and reimbursement of expenses in the amount of $689.49. Her right to compensation is

challenged by the Curador on the following grounds:

1. Isaak was not eligible for employment under § 327 of the Bankruptcy Code and therefore is not entitled to any compensation.

2. The work performed by Isaak was of little or no value to the Estate and therefore should not be compensated, at least in the amount she seeks, under § 330 of the Bankruptcy Code.

3. The Debtor is entitled to setoff against fees, if any, owed Isaak as a result of the damages it suffered due to Isaak's negligence in connection with the closing of the Demetree Sale.

Considering first the challenge to the allowance of Ms. Isaak's Fee Application on the basis that she was not eligible to be employed as counsel for the FPCAID, it is clear that any person employed pursuant to § 327, including attorneys, must be disinterested and may not hold or represent an interest adverse to the estate. Clearly, if this issue had been raised when FPCAID applied to employ Ms. Isaak, the application would have been denied. This is so because when FPCAID filed its application to employ Ms. Isaak, she was still counsel of record for IFC and was representing IFC on appeal. In addition, she also represented Ms. Manning in state court where she resisted the Curador's attempts to recover books and records of FPCAID from Ms. Manning. Clearly, at the time she became the attorney for FPCAID, she was not a disinterested person and, in fact, she held an interest adverse to that of FPCAID.

The difficulty with the case at hand is that Ms. Isaak was authorized by this Court to be employed based on her Affidavit filed in this case. She was counsel of record for FPCAID until April 24, 1987, when this Court entered an Order and granted her Motion to Withdraw as counsel for FPCAID. Thus, whether or not she was eligible to serve as counsel of record for FPCAID is obviously moot as she is no longer acting as attorney for FPCAID.

■ This conclusion, however, does not preclude the consideration of the Curador's second contention that Ms. Isaak is not entitled to any compensation whatsoever by virtue of § 328(c) of the Bankruptcy Code. This Section authorizes the court to deny compensation for services and reimbursement of expenses of a professional person, if at any time during the employment, that professional person held an interest adverse to the estate and was not disinterested as required by § 327 of the Bankruptcy Code.

■ The seminal conflict of interest case is *Woods v. City Nat'l Trust Co. of Chicago*, 312 U.S. 262, 61 S.Ct. 493, 85 L.Ed. 820 (1941), which involved an indentured trustee, bondholders' committee, and the committee's counsel requesting compensation. The Court noted that the bankruptcy court has the power to review all applications for fees and expenses. While "reasonable" compensation may be allowed, reasonable implies loyal, disinterested service, and compensation should be denied a claimant who serves more than one master. Denying compensation when conflicts exist eliminates actual evil results, and the potential for evil in other cases. It makes no difference whether fraud or unfairness actually resulted. Where there is an actual conflict of interest, no more need be shown to support a denial of compensation.

*In re 765 Associates*, 14 B.R. 449 (Bkrtcy. Hawaii 1981), the debtor's attorney had received compensation from a corporation which was controlled by a person who was both the debtor's general partner and the owner of a corporate creditor of the debtor. The court considered the attorney's conflict and § 328(c), and denied the attorney's request for compensation. The court also required the attorney to refund fees he had already received.

This Court is aware that some courts have allowed attorney fees, notwithstanding the attorney's conflict. Fees were not completely denied to an attorney who applied for appointment in good faith, believing he was disinterested and without conflict. *In re Pacific Express, Inc.*, 56 B.R. 859 (Bkrtcy.E.D.Cal.1985). In this case,

the attorney withdrew his application after facts indicated a conflict may exist.

An attorney is not appointed in a bankruptcy case until the court determines that the attorney has no adverse interest. The Court's determination is based on the employment application and the attorney's affidavit. If the attorney has an undisclosed adverse interest, the court may deny him all compensation. It is the attorney's duty to reveal any connection, whether or not he believes it to be adverse. Even if the attorney inadvertently fails to disclose, he serves without compensation. *In re Costal Equities, Inc.*, 39 B.R. 304 (Bkrtcy. S.D.Calif.1984).

It is undisputed that Ms. Isaak never formally disclosed her connection with IFC and FPCAID, that she was not a disinterested person according to § 327, and that she held interest adverse to the estate of FPCAID. Ms. Isaak, in fact, asserted a claim against IFC for fees she allegedly earned in conjunction with the Demetree sale during the pendency of the Chapter 11 case of IFC. She, in fact, filed a claim in that case, asserting that she was entitled to a lien on the proceeds from the Demetree sale. Ms. Isaak was counsel of record for IFC in the suit filed against it by the Curador to set aside the transfers of all FPCAID real estate holdings through several intermediary entities and ultimately to IFC. She represented IFC throughout that litigation, and also on appeal.

Considering the totality of the undisputed evidence in this record, it is clear that Ms. Isaak should not be permitted to receive any allowance under the applicable principles interpreting § 327(c) of the Code, unless her patent failure to comply with the requirements of § 327 may be condoned on the basis that everybody was aware of her previous connection with IFC, with her involvement in the lawsuit against Ms. Manning, and with the fact that she filed a claim in this case. While it is difficult to find any legal or moral support for this proposition, Ms. Isaak contends that there was no harm suffered by the estate as a result of her failure to make the disclosure required by Bankruptcy Rule 2014(a). Because she considered this to be a mere technical violation, Ms. Isaak contends she should not be deprived of any compensation for services rendered to FPCAID.

When a conflict of interest exists, it is immaterial whether or not the estate suffered harm. To award fees to an attorney who has a conflict of interest would undermine public confidence in the judicial function, particularly in bankruptcy proceedings. *In re Paine*, 14 B.R. 272 (W.D. Mich.1981). Therefore, the fees requested by Ms. Isaak are completely denied. She is, however, entitled to reimbursement of costs in the amount of $145.69. *In re Philadelphia Athletic Club, Inc.*, 38 B.R. 882 (Bkrtcy.E.D.Pa.1984).

Accordingly, it is

ORDERED, ADJUDGED AND DECREED that the Objection to the Fee Application of Malka Isaak is granted in part and denied in part. The Objection to the fees is sustained and Malka Isaak is to receive no fees in this matter. The Objection to the costs is denied and Malka Isaak is to receive costs in the amount of $145.69.

DONE AND ORDERED.