**In re STAMFORD COLOR
PHOTO, INC., Debtor.**

**Bankruptcy No. 5–89–00056.**

United States Bankruptcy Court,
D. Connecticut.

April 5, 1989.

---

**136**

Honor S. Heath, New Haven, Conn., for U.S. Trustee.

Barbara L. Hankin, Zeisler & Zeisler, P.C., Bridgeport, Conn., for Maxine Gaudio.

Ira B. Charmoy, Charmoy & Kanasky, Bridgeport, Conn., for debtor.

## MEMORANDUM AND ORDER ON OBJECTION TO APPOINTMENT OF ATTORNEY UNDER CODE § 327(a)

ALAN H.W. SHIFF, Bankruptcy Judge.

Attorney Honor S. Heath, counsel to the United States Trustee, objects to the debtor's March 17, 1989 amended application under Code § 327(a) to employ Attorney Ira B. Charmoy. Attorney Charmoy represents Paul Daddona, the president and sole officer of the debtor, and Attorney Heath contends that he is not a disinterested person.

## I.

Rule 1.13(e) of the Rules of Professional Conduct provides:

A lawyer representing an organization may also represent any of its directors, officers, employees, members, shareholders or other constituents ... if the organization's consent shall be given by an appropriate official of the organization other than the individual who is to be represented, or by the shareholders.

Attorney Heath, quoting *Central Milk Producers Cooperative v. Sentry Food Stores, Inc.,* 573 F.2d 988, 993 (8th Cir. 1978), argues that "[i]t is the role of courts 'to strictly enforce the Code of Professional Responsibility.'" *Memorandum of Law of the United States Trustee at 4.* In that case, however, the court found that despite a literal violation of an ethical rule, disqualification was not required. The discussion from which Attorney Heath extracted the above quoted language reads in context as follows:

"The district court bears the responsibility for the supervision of the members of its bar." *Fred Weber, Inc. v. Shell Oil Co.,* [566 F.2d 602, 605 (8th Cir. 1977)], *quoting from Hull v. Celanese Corp.,* 513 F.2d 568, 571 (2d Cir.1975). As a general rule we encourage the district courts to strictly enforce the Code of Professional Responsibility. However, in the present case where the precise procedures used by the Pressman firm in screening both Futterman and Schneiderman had been approved by opposing counsel, there has been no allegation of actual impropriety, and the district court which has closely followed the course of this litigation for over five years found that disqualification would not be in the best interests of justice, we conclude that the district court did not abuse its discretion in denying appellants' motion to disqualify.

*Id.* at 992–93.

▪ Apart from whether a debtor in possession is an "organization" within the meaning of the Rule or even whether the Rule is applicable in the face of standards for eligibility imposed by § 327(a), it is

clear that relationships which raise questions of professional impropriety do not necessarily require disqualification and that approval of professional employment is within the discretion of the bankruptcy court. As the Second Circuit has held, "a violation of professional ethics does not in any event automatically result in disqualification of counsel." *W.T. Grant & Co. v. Haines*, 531 F.2d 671, 677 (2d Cir.1976). *See also Cent. Milk Producers, supra*, 573 F.2d at 991; *Fisher Studio, Inc. v. Loew's Inc.*, 232 F.2d 199, 204 (2d Cir.1956), *cert. denied*, 352 U.S. 836, 77 S.Ct. 56, 1 L.Ed.2d 55 (1957).

A court must balance the right to freely choose counsel, the need to maintain ethical standards, the interests of justice, evidence of actual impropriety, and its own ability to continuously control its officers and use the remedy of disqualification if called for. *See Cent. Milk Producers, supra*, 573 F.2d at 993; *Emle Indus., Inc. v. Patentex, Inc.*, 478 F.2d 562, 564–65 (2d Cir.1973); *Fisher Studio, Inc.*, 232 F.2d at 204. Counsel should be disqualified when a conflict casts some doubt as to the vigor with which he or she will represent the client's interest or when the attorney is in a position to use privileged information gained through prior representation of a party opponent. Other kinds of ethical violations may be left to the disciplinary procedures of the state and federal bar. *Bottaro v. Hatton Assoc.*, 680 F.2d 895, 896–97 (2d Cir.1982); *Bd. of Educ. of N.Y. v. Nyquist*, 590 F.2d 1241, 1246 (2d Cir.1979).

■ It is important to note that there is no suggestion that Attorney Charmoy has or may engage in any ethical misconduct. All Attorney Heath contends is that Attorney Charmoy's relationship with Daddona may interfere with his professional duties to the debtor, and that potential is in Attorney Heath's view sufficient to create an "actual" conflict of interest. I find that Attorney Heath has not made any persuasive argument that there has been any actual impropriety or any other factor sufficient to overcome the debtor's right to choose its counsel. *See Evans v. Artek Sys. Corp.*, 715 F.2d 788, 794 (2d Cir.1983)

(party seeking disqualification of another's counsel bears a "heavy burden of proving facts required for disqualification"); *Gov't. of India v. Cook Indus., Inc.*, 569 F.2d 737, 739 (2d Cir.1978).

## II.

Attorney Heath also argues that Attorney Charmoy's representation of Daddona creates an "actual" conflict of interest which disqualifies him as a matter of law under Code § 327(a).

> Except as otherwise provided in this section, the trustee, with the court's approval, may employ one or more attorneys, accountants, appraisers, auctioneers, or other professional persons, that do not hold or represent an interest adverse to the estate, and that are disinterested persons, to represent or assist the trustee in carrying out the trustee's duties under this title.

11 U.S.C.A. § 327(a) (West 1979). Code § 101(13) provides in part:

> "disinterested person" means person that—
>
> . . . .
>
> (E) does not have an interest materially adverse to the interest of the estate or of any class of creditors or equity security holders, by reason of any direct or indirect relationship to, connection with, or interest in, the debtor . . . or for any other reason. . . .

In *In re Intech Capital Corp.*, 87 B.R. 232, 233 (Bankr.D.Conn.1988), *appeal docketed*, No. B–88–384 (D.Conn. July 13, 1988), I noted that "[t]he disinterested person and adverse interest tests for employment of professional persons under § 327(a) overlap in that the § 101(13) definition of 'disinterested person' includes a person that does not have an interest materially adverse to the interest of the estate."

The question is whether Attorney Charmoy has an interest materially adverse to the estate. Attorneys quite properly exert a considerable influence upon the formulation and execution of client strategy. Therefore, arguably an attorney for the president of a debtor in possession corpora-

tion may have a materially adverse interest to the bankruptcy estate.

In support of her contention that Attorney Charmoy is not disinterested as a matter of law, Attorney Heath cites *In re Kendavis Industrial International, Inc.*, 91 B.R. 742 (Bankr.N.D.Tex.1988). In that case, the court found that a law firm intentionally represented insiders at the expense of the estate and denied the allowance of its fee, holding "that whenever counsel for a debtor corporation has any agreement, express or implied, with management or a director of the debtor to protect the interest of that party, counsel holds a conflict." *Id.* at 754. *Kendavis* is distinguishable. There the law firm represented insiders *in the bankruptcy proceeding.* Here, Attorney Charmoy has stated, and Attorney Heath has not disputed, that his representation of Daddona is on a matter totally unrelated to any present or potential bankruptcy issue.

Further, Attorney Heath appears to reject the concept of potential conflicts of interest, arguing on the authority of *Kendavis* that where there is a conflict, it is actual, not potential. In the context here, she points to the possibility that an employment dispute or a dispute over whether the debtor should reorganize or liquidate may materialize.

There is a distinction between potential and actual conflicts of interest. As the court in *In re Martin*, 817 F.2d 175, 182 (1st Cir.1987), observed:

The naked existence of a potential for conflict of interest does not render the appointment of counsel nugatory, but makes it voidable as the facts may warrant. . . . It is for the court to decide whether the attorney's proposed interest carries with it a sufficient threat of material adversity to warrant prophylactic action (say, disqualification or disgorgement or invalidation of a lien). . . . The question is not necessarily whether a conflict exists—although an actual con-

flict of any degree of seriousness will obviously present a towering obstacle—but whether a potential conflict, or the perception of one, renders the lawyer's interest materially adverse to the estate or the creditors.

*See also In re Watson*, 94 B.R. 111, 115–16 (Bankr.S.D.Ohio 1988); *In re Guy Apple Masonry Contractor, Inc.*, 45 B.R. 160, 166 (Bankr.D.Ariz.1984).

I therefore conclude that merely hypothesizing that conflicts may arise is not a sufficient basis to warrant the disqualification of Attorney Charmoy. *See In re Martin, supra,* 817 F.2d at 183 ("[H]orrible imaginings alone cannot be allowed to carry the day. Not every conceivable conflict must result in sending counsel away to lick his wounds."). Attorney Heath has neither offered any evidence nor presented any convincing argument that Attorney Charmoy's representation of Daddona creates an actual conflict of interest, and I decline to reach that conclusion.[1]

### III.

It is accordingly ORDERED that the objection to the employment of Attorney Charmoy is overruled.

---

**1.** Any future proof that Attorney Charmoy "is not a disinterested person, or represents or holds an interest adverse to the interest of the estate with respect to the matter on which [he] . . . is employed . . . ," may be a basis for the denial of "compensation for services and reimbursement of expenses. . . ." 11 U.S.C.A. § 328(c) (West 1979).