### In re DECOR CORPORATION, Debtor.

### Bankruptcy No. 93–56830.

United States Bankruptcy Court,
S.D. Ohio,
Eastern Division.

Aug. 22, 1994.

Michael S. Kranitz, Benesch, Friedlander, Coplan & Aronoff, Columbus, OH, for debtor.

Alexander G. Barkan, Attorney in Charge, Office of U.S. Trustee, Columbus, OH.

Frederick M. Luper, Luper, Wolinetz, Sheriff & Neidenthal, Columbus, OH, for Unsecured Creditors Committee.

Thomas R. Allen, Bonnie I. O'Neill, Thompson, Hine and Flory, Columbus, OH.

Lance M. Baker, Ruden, Barnett, McClosky, Smith Schuster & Russell, P.A., Fort Lauderdale, FL.

Ron K. Barger, Earnest Leonard, Strasburger & Price, L.L.P., Dallas, TX.

B–Mall Co., c/o Scott E. Wasserman, Lewis, Rice & Fingerash, Kansas City, MO.

Lawrence M. Brenton, Early, Lennon, Peters & Crocker, P.C., Kalamazoo, MI.

Thomas P. Butler, Jr., Susan J. Demaske, Cleveland, OH.

Sonja Chae, S.E.C., Chicago, IL.

Andrew S. Conway, Miro Miro & Weiner, Bloomfield Hills, MI.

Eric C. Cotton, Pyramid Management Group, Inc., Syracuse, NY.

Yvette A. Cox, Arter & Hadden, Columbus, OH.

Brenda L. Dodrill, Asst. U.S. Atty., Columbus, OH.

James B. Doyle, III, Genesee Management, Inc., Rochester, NY.

F. Mitchell Dutton, Columbus Southern Power Co., Columbus, OH.

Jeffrey B. Ellman, Jones, Day, Reavis & Pogue, Columbus, OH.

Vicki B. Finkelstein, The Rouse Co., Columbia, MD.

Samuel R. Grafton, Popper & Grafton, New York City.

Jonathan C. Hantke, Sherri B. Manuel, Houston, TX.

Debra Kaufman, The Hahn Co., San Diego, CA.

Richardo I. Kilpatrick, Karen E. Evangelista, Shermeta, Chimko & Kilpatrick, P.C., Oakland County Treasurer's Office, Rochester Hills, MI.

Albert B. Krachman, Bracewell & Patterson, L.L.P., Washington, DC.

Lawrence R. LaSusa, Homart Development Co., Chicago, IL.

Philip A. MacNaughton, MacNaughton, Burdzinski & Yow, L.L.P., Bellaire, TX.

Kevin M. Newman, Menter, Rudin & Trivelpiece, P.C., Syracuse, NY.

Robert J. Onda, Michael D. Bornstein, Ricketts & Onda Co., L.P.A., Columbus, OH.

Mark J. Palmer, Bricker & Eckler, Columbus, OH.

Joan E. Pilver, Asst. Atty. Gen., Hartford, CT.

David L. Pollack, Jeffrey Meyers, Gary M. Friedland, Rosenwald and Pollack, Philadelphia, PA.

Sandel Glass, Inc. c/o Keith W. Lusk, Lusk Law Office, Fresno, CA.

Stephen A. Santangelo, Weltman, Weinberg & Associates Co., L.P.A., Columbus, OH.

Phyllis Schauffler, Sp. Asst. Atty. Gen., Missouri Dept. of Revenue, Gen. Counsel's Office, Jefferson City, MO.

Louis F. Solimine, Thompson, Hine and Flory, Cincinnati, OH.

John Mark Stern, Asst. Atty. Gen., c/o Eileen Hallman, Paralegal, Office of the Atty. Gen., Collections/Bankruptcy Section, Austin, TX.

Sonya S. Stokes, Buck, Bohm & Stein, P.C., Leawood, KS.

Jessica Tovrov, Katten, Muchin & Zavis, Chicago, IL.

Ronald M. Tucker, M.S. Management Associates, Inc., Indianapolis, IN.

John Urie (Interim Chairperson), Committee of Unsecured Creditors, Paramus, NJ.

*MEMORANDUM OPINION AND ORDER ON FIRST APPLICATION OF BENESCH, FRIEDLANDER, COPLAN & ARONOFF FOR ALLOWANCE OF INTERIM COMPENSATION AND REIMBURSEMENT OF EXPENSES AS COUNSEL FOR THE DEBTOR FOR THE PERIOD MAY 4, 1993, THROUGH MARCH 31, 1994*

CHARLES M. CALDWELL, Bankruptcy Judge.

On November 10, 1993, Decor Corporation dba The Art Works and dba The Picture Show, an Ohio Corporation ("Debtor") filed a voluntary petition for reorganization under

chapter 11 of the United States Bankruptcy Code. The Debtor is engaged in the manufacture and retail sale of moderately-priced art through retail outlets in sixteen states and the District of Columbia. On February 16, 1994, the Court entered a Memorandum Opinion and Order ("retention order") with reference to the appointment of Benesch, Friedlander, Coplan & Aronoff ("BFCA") as counsel for the Debtor.

In relevant part, the retention order addressed the propriety of the retention of BFCA based upon its receipt of the sum of approximately $53,906.00 from the Debtor for prepetition legal services. The Court concluded that in the absence of the ability of the Debtor to pay prepetition, BFCA would have been a creditor of the estate and disqualified under § 101(14)(A) of the United States Bankruptcy Code. Under such circumstances, the statutory disqualification could only be cured by a waiver of BFCA's prepetition claim. The Court concluded that this status was avoided by BFCA's receipt of payments from the Debtor within the ninety (90) days prior to the filing, and such transfers may constitute preferential payments.

The Court held that BFCA's role as a potential preference defendant constituted a disqualifying adverse interest and rendered it ineligible to claim the status of a "disinterested" professional as BFCA loses its ability to independently and objectively represent the Debtor. The Court further concluded the receipt of the funds immediately prior to the filing, including the wire transfer on the day of filing of a substantial sum, created an appearance of impropriety, adversely impacting upon the integrity of the bankruptcy process premised upon preservation of estate assets and equitable distribution.

The Court weighed these factors against the fact it is inevitable that in any chapter 11 case of this magnitude there will be some prepetition involvement, and that counsel should not be automatically penalized because of such relationships. Further, the Court weighed the factor that BFCA was the Debtor's counsel of choice and had the most

knowledge of the case, thereby increasing the likelihood of a successful reorganization.

In considering these circumstances, the Court concluded that the appropriate balance to strike was to require the immediate repayment of all prepetition sums received by BFCA as a prerequisite to its retention. Once this was accomplished, and a first interim award request was made, the Court would consider allowance for that prepetition work that could be characterized as inevitable in all chapter 11 cases; i.e., petition preparation and the associated "first day" papers. This decision is in line with the case of *In re Watson*, 94 B.R. 111, 114 (Bankr.S.D.Ohio 1988), in which an extremely limited exception to disqualification, due to prepetition financial involvement, was carved out to allow for work routinely undertaken to facilitate bankruptcy filings.

In compliance with the retention order, BFCA returned the prepetition funds to the Debtor, and on April 29, 1994, filed the instant interim application. In this application, BFCA seeks interim compensation in the amount of $142,275.50 for postpetition legal services and the amount of $17,871.35 for postpetition expenses incurred between November 10, 1993, and March 31, 1994. In addition, BFCA seeks compensation in the amount of $47,930.75,[1] for prepetition legal services and the sum of $1,810.96 for prepetition expenses incurred between May 4, 1993, and November 9, 1993. The Court has no difficulty with the postpetition fees and expenses requested, and they are awarded in full. The Court, however, as a consequence of the retention order and in its spirit, will not award all requested prepetition fees and expenses.

The Court has reviewed the itemized statement for prepetition services and concludes that a considerable portion of the work does not fit within the extremely narrow exception discussed above. Specifically, many of the services appear to relate to general corporate representation and to representation generally essential to corporate restructuring.

1. BFCA indicates that this sum reflects $4,611.00 in prepetition fees not previously billed to or paid by the Debtor, and the sum of $8,775.25 it has voluntarily written off as prepetition services not directly related to the filing.

Further, the Court concludes that in order to appropriately limit the exception, allowable services must have been performed immediately prior to the filing. As the Court understands the position of BFCA, it suggests a significantly greater portion of the work directly related to the chapter 11 filing that was always contemplated, and that the timing of the filing in November 1993, was expedited due to changes in the tax laws that would adversely affect the reorganization of the estate.

While the Court understands and in no way doubts this explanation and motivation, it does not address the concern that BFCA has avoided disqualification as a prepetition creditor by receiving a substantial payment that might subject it to pursuit as a prospective preference defendant. Such explanations further do little to improve the appearance of the receipt of substantial fees prepetition, including the wire of a substantial sum on the day the chapter 11 was filed. As a prospective defendant, counsel in such instances lose their ability to independently and objectively represent debtors. *See In re American Thrift & Loan Ass'n,* 137 B.R. 381, 388 (Bankr.S.D.Cal.1992); *In re 419 Co.,* 133 B.R. 867, 869–870 (Bankr.N.D.Ohio 1991).

■ The Court in its review of the itemized statement for prepetition services, provided as attachment C–1 to the application, has concluded that the sum of $24,625.00 may be awarded.[2] This sum is based upon the Court's analysis that the services involved fit within the narrow exception of petition and "first day" documents preparation and other matters routinely and immediately attendant to the advent of a chapter 11 filing of this magnitude. Because the Court is unable to discern the portion of the prepetition expense request that pertains to the compensable legal services, none of the requested prepetition expenses will be allowed.

The Court recognizes its ruling on the prepetition services and expenses may seem unfair to BFCA, especially in view of the recent confirmation of the plan in less than one year from filing. The results are admi-

rable. The Court, however, is more concerned that to do otherwise would render meaningless the bankruptcy concepts of "disinterestedness" and "adverse interest" and call into question the integrity of the process for the sake of convenience. At the end of the day, the paramount concern has to be that debtors obtain and retain counsel that have no other interest or concern other than what is in the best interest of the estate. Debtors, as fiduciaries obligated to act in the best interests of creditors, must have counsel unfettered by any personal or financial concerns.

It is hereby ORDERED that BFCA is awarded interim fees in the total amount of $166,900.50 and is awarded reimbursement for expenses in the amount of $17,871.35.

**IT IS SO ORDERED.**

ATTACHMENT

Itemization of Compensable Prepetition Services

| Date | Person | Time |
|------|--------|------|
| 10/29/93 | MSK | 8.25 |
| 10/29/93 | MKW | 0.50 |
| 10/29/93 | WES | 1.50 |
| 10/29/93 | WES | 0.50 |
| 10/29/93 | GLH | 2.00 |
| 10/30/93 | MSK | 6.50 |
| 10/31/93 | MSK | 6.00 |
| 11/01/93 | MSK | 8.25 |
| 11/02/93 | JML | 0.50 |
| 11/02/93 | JML | 2.75 |
| 11/02/93 | JML | 1.25 |
| 11/02/93 | JML | 0.50 |
| 11/02/93 | MSK | 8.00 |
| 11/03/93 | CAJ | 0.30 |
| 11/03/93 | JML | 0.75 |
| 11/03/93 | JML | 1.00 |
| 11/03/93 | MSK | 10.00 |
| 11/03/93 | MFD | 2.75 |
| 11/04/93 | CAJ | 1.00 |
| 11/04/93 | MSK | 8.50 |
| 11/05/93 | CAJ | 7.00 |
| 11/05/93 | LSL | 0.80 |
| 11/05/93 | MSK | 8.25 |
| 11/05/93 | MFD | 1.75 |
| 11/06/93 | RFT | 0.75 |
| 11/06/93 | MSK | 2.75 |
| 11/08/93 | CAJ | 13.00 |
| 11/08/93 | MSK | 11.50 |
| 11/08/93 | KLK | 0.20 |
| 11/08/93 | MKW | 1.50 |
| 11/08/93 | SLT | 3.25 |
| 11/08/93 | LSL | 1.50 |
| 11/08/93 | MDT | 2.00 |
| 11/08/93 | WES | 0.50 |

**2.** Those entries that the Court has deemed compensable are separately identified on an attachment to this order.

| Date | Person | Time |
|------|--------|------|
| 11/09/93 | LSL | 1.20 |
| 11/09/93 | MSK | 12.50 |
| 11/09/93 | MKW | 1.30 |
| 11/09/93 | CAJ | 10.50 |